STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    michael.keough@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RENE QUINONEZ and MOVEMENT INK LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 through 5, <br><br> Defendants. | No. 3:22-CV-03195-WHO <br><br> **UNITED STATES OF AMERICA'S MOTION TO DISMISS** <br><br> Hrg Date: September 21, 2022 <br> Time:     2:00 p.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 21, 2022 at 2:00 p.m., or as soon thereafter as this matter may be heard by the Honorable William H. Orrick, United States District Judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, non-party the United States of America,[1] will and hereby does move the Court for an order dismissing Counts 10, 11, and 12 of the Complaint, Dkt. 1, under Rule 12(b)(6). The United States will also request that the Court use its *sua sponte* authority to dismiss the Complaint in its entirety for lack of personal jurisdiction over any defendant under Rule 12(b)(2).

**RELIEF SOUGHT**

Non-party the United States of America seeks an order dismissing Counts 10, 11, and 12 of the Complaint. The United States also requests that the Court use its *sua sponte* authority to dismiss the Complaint in its entirety for lack of personal jurisdiction over any defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiffs' Complaint includes three state law claims for money damages allegedly caused by the negligent or wrongful acts of unnamed federal employees. Such claims can only be brought against the United States as defendant after certain administrative remedies required by the Federal Tort Claims Act (FTCA) are exhausted. Here, these claims were not brought against the United States, and Plaintiffs affirmatively admit in their Complaint that the required administrative remedies have not been exhausted. Further, because no defendant has actually been served, the Court lacks jurisdiction over any claims (including those that must be brought against the United States).

Accordingly, for the reasons set forth below, Counts 10, 11, and 12 of the Complaint should be dismissed, and all remaining claims should be dismissed for lack of personal jurisdiction.

---

[1] Undersigned counsel is not appearing on behalf of Defendants Does 1-5, and this appearance is not intended to waive any challenges to the Court's jurisdiction that can be asserted by Defendants Does 1-5 (or any other defenses that may be asserted by Defendants Does 1-5).

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Counts 10, 11, and 12 of the Complaint must be dismissed for failure to exhaust the administrative remedies required by the FTCA.

2. Whether the Court should use its *sua sponte* authority to dismiss the Complaint in its entirety for failure to serve any defendant.

## III. FACTUAL BACKGROUND

The following allegations relevant to Counts 10, 11, and 12 are taken from the Complaint:

Two plaintiffs are named in the Complaint: Rene Quinonez and Movement Ink LLC. Plaintiff Rene Quinonez is a resident of California and the proprietor of plaintiff Movement Ink LLC, an activism-inspired screen-printing business. *See* Dkt. 1 ("Complaint") ¶¶ 9-10, 12-16. Plaintiffs claim that, in May and June of 2020, they mailed screen-printed Covid facemasks bearing political messages for the mass protests that broke out following the police killings of George Floyd and Breonna Taylor in 2020. Complaint ¶¶ 23-24. Four packages shipped by Movement Ink were seized by unnamed law enforcement officers and held for a period of approximately 24 hours before being sent along to their intended destinations. Complaint ¶ 55. Plaintiffs claim that these seizures had negative impacts on their business performance and reputations, Complaint ¶ 44, and these injuries serve as the basis for the twelve causes of action asserted against five unnamed Doe defendants in the Complaint.

Among these twelve causes of action are three state law claims for money damages: Count 10 (trespass to chattels), Count 11 (interference with contractual relations), and Count 12 (interference with prospective economic relations). Plaintiffs allege that "the acts, violations, and injuries for which [the Doe defendants] are responsible in this action also form the basis for liability of the United States of America under the Federal Tort Claims Act," Complaint ¶ 11, but have not named the United States as a defendant or brought any claims directly against the United States.

## IV. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual assertions, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1 defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Mere conclusions" need not be accepted as true when deciding whether a claim is facially plausible. *Id.* at 664; *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046 (9th Cir. 2008) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting *Twombly*, 550 U.S. at 555)). Allegations that are "merely consistent with a defendant's liability," or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678-79 (citations and internal quotation marks omitted).

A court may dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Courts must consider the threshold issue of jurisdiction before addressing the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Plaintiffs bear the burden of establishing jurisdiction because, by filing a complaint in federal court, they seek to invoke it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A district court may raise the issue of personal jurisdiction *sua sponte* and dismiss the Complaint if personal jurisdiction is found to be lacking. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

## V.     ARGUMENT

### A.     Plaintiffs Have Failed to Exhaust Administrative Remedies Under the FTCA

Plaintiffs must exhaust the administrative remedies required by the FTCA before bringing state law claims for personal injury against the United States, but have failed to do so. The FTCA, as amended by the Westfall Act, provides that where an individual claims that federal employees damaged him or her through their negligent or wrongful acts or omissions taken within the scope of their office or employment, a suit against the United States shall be the exclusive remedy for that individual's claim. 28 U.S.C. § 2679(b)(1). There are two exceptions to this exclusivity provision, 28 U.S.C. § 2679(b)(2), but neither exception applies to claims for violations of state law. These claims also must be asserted against the United States itself. *See* 28 U.S.C. § 2679(b)(1). Plaintiffs must exhaust certain administrative remedies, including presenting the claim to the relevant federal agency, *before* any

lawsuit is filed. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The present complaint itself is insufficient to exhaust these remedies, as "filing a lawsuit does not constitute an administrative claim required by the FTCA." *Bishop v. Mazda Motor of Am., Inc.*, No. C-12-2557, 2012 WL 5383293, at *4 (N.D. Cal Nov. 1, 2012)

Here, Count 10 (trespass to chattels), Count 11 (interference with contractual relations), and Count 12 (interference with prospective economic relations) are all claims for money damages allegedly caused by the negligent or wrongful acts of unnamed federal employees. *See* Complaint ¶ 318 ("Plaintiffs are entitled to compensatory damages for their injuries caused by Defendants' conduct."); ¶ 326 (same); ¶ 334 (same). Such claims must be brought as FTCA claims against the United States. But the Complaint includes no facts demonstrating administrative exhaustion. Moreover, Plaintiffs affirmatively admit in the Complaint that each of these claims are currently barred for failure to exhaust these administrative remedies. *See* Complaint ¶ 319 ("Plaintiffs recognize that thus claim is currently barred by the Westfall Act (28 U.S.C. § 2679(b)(1)"); ¶ 327 (same); ¶ 335 (same). Accordingly, Counts 10, 11, and 12 of the Complaint should be dismissed.

**B.   The Court Cannot Adjudicate Claims Against Unknown Defendants Who Have Not Been Served**

The present motion is only brought on behalf of the United States, and undersigned counsel does not represent Defendants Does 1-5.[2] However, the United States notes that the Court presently does not have jurisdiction over any of the claims asserted in the Complaint because no defendant has been served. The Court should accordingly use its *sua sponte* authority to dismiss the remaining claims in the Complaint until such time as Plaintiffs name actual defendants and serve those defendants. *See In re Tuli*, 172 F.3d at 712; *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (affirming district court's *sua sponte* dismissal of complaint for lack of personal jurisdiction where defendant was not served).

It is axiomatic that, "[b]efore a federal court may exercise personal jurisdiction over a defendant,

---

[2] Department of Justice attorneys are only permitted to represent federal employees sued in their individual capacities after the employee submits a written request for representation and a determination is made that the employee was acting within the scope of their employment. 28 C.F.R. § 50.15(a)(1). No such request for representation has been made, and accordingly undersigned counsel is not permitted to appear on behalf of Defendants Does 1-5.

UNITED STATES' MOTION TO DISMISS
3:22-CV-03195-WHO                              4

the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). This Court's jurisdiction can only be invoked after the requirements of Federal Rule of Civil Procedure 4 are met. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (internal citations omitted). To serve a federal employee sued in their individual capacity (as Plaintiffs are purporting to do here), Rule 4(i) requires that Plaintiff serve three parties: the Attorney General, the United States Attorney, and the individual employee. The proof of service filed by Plaintiffs (Dkt. 19) indicates service on the Attorney General and the United States Attorney, but does not indicate that any of the individual defendants have been served. Rule 4(i)'s requirement that federal employees sued in their individual capacities be served individually is mandatory; without such service, the complaint must be dismissed. *See, e.g.*, *Perez-Sanchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 106 (1st Cir. 2008) (dismissing claims against individual federal employees for failure to serve these employees individually); *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980) (declining to allow alternative form of service where plaintiff failed to serve federal employees in their individual capacity). And where, as here, no actual defendants are named and the Complaint only includes unnamed Doe defendants in their individual capacity, service cannot be completed until Plaintiffs actually identify these individuals and serve them. *See, e.g.*, *Montgomery v. Wong*, No. 2:20-CV-1515 DB P, 2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021) ("the court cannot serve a complaint with only Doe defendants"). Until service is complete, the Court lacks jurisdiction and the remainder of the claims should be dismissed.[3]

---

[3] Just days after filing their Complaint, Plaintiffs lodged an "Ex Parte Application to Proceed with Doe Defendants" (Dkt. 5) without notice to any other party. This application was then granted by Magistrate Judge Westmore (Dkt. 9) before Plaintiffs shortly thereafter declined Magistrate Judge Westmore's jurisdiction (Dkt. 16). That application and the accompanying order do not change the legal analysis in this motion. Aside from the fact that no defendant was given notice or the opportunity to be heard in response to Plaintiffs' application, the application did not explain how Plaintiffs intend to invoke the Court's jurisdiction where no defendant has yet been served.

UNITED STATES' MOTION TO DISMISS
3:22-CV-03195-WHO                                5

## VI. CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion and dismiss Counts 10, 11, and 12 of the Complaint. The Court should also use its *sua sponte* authority to dismiss the Complaint in its entirety for lack of personal jurisdiction.

DATED: August 12, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Michael A. Keough*
MICHAEL A. KEOUGH
Assistant United States Attorney

*Attorneys for the United States of America*