STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6878
    Fax: (415) 436-7234
    michael.keough@usdoj.gov

*Attorneys for Defendant the United States of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RENÉ QUIÑONEZ and MOVEMENT INK LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Case No. 3:22-CV-03195-WHO<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST DEFENDANT THE UNITED STATES OF AMERICA, OR IN THE ALTERNATIVE MOTION TO STRIKE**<br><br>Hrg Date:  Wednesday, March 8, 2023<br>Time:       2:00 p.m. |

Defendant the United States of America ("USA") submits the following reply in further support of the Motion to Dismiss Claims Against Defendant the United States of America, or in the Alternative Motion to Strike (Dkt. 51, the "USA's Motion") and in response to Plaintiffs' opposition to the same (Dkt. 57, the "Opposition" or "Opp.").

## I. PRELIMINARY STATEMENT

The USA's Motion establishes that Plaintiffs' claims against the United States should be dismissed. Plaintiffs' Opposition does not cure the critical flaws in their claims for several reasons:

*First*, several of Plaintiffs' arguments—in particular regarding their claim for trespass to chattels, and their contentions about the application of the postal and discretionary function exceptions to the Federal Tort Claims Act (FTCA)'s limited waiver of sovereign immunity—are predicated on an assumption that the seizures at issue were unlawful. But on the contrary, the facts pled in the First Amended Complaint demonstrate that (1) the Postal Inspectors had reasonable suspicion to seize the parcels at issue and (2) the approximately 36-hour detention of these parcels was reasonable. If, as the facts as pled indicate, the seizures were lawful, the postal and discretionary function exceptions would operate to bar Plaintiffs' claims and Plaintiffs would be unable to state a claim for trespass to chattels.

*Second*, Plaintiffs concede that their claims for interference with contractual relations is barred by the FTCA's intentional tort exception, and that claims related to detention of the parcels are barred by the FTCA's detention of goods exception. These exceptions similarly bar Plaintiffs' claims for interference with prospective economic relations and claims related to the seizure of the parcels respectively.

*Third*, while several FTCA exceptions bar Plaintiffs' claims against the United States, Plaintiffs have failed to state a claim even if those exceptions did not apply such that the Court could consider whether the claims are properly pled.

*Finally*, Plaintiffs concede that Counts 13, 14, and 15 should be dismissed as duplicative and do not dispute that declaratory relief is unavailable under the FTCA. Those claims should accordingly be dismissed and, if any portion of the First Amended Complaint against the United States should survive the motion to dismiss, Paragraphs 374 to 376 should be struck from the First Amended Complaint's Prayer for Relief.

## II. ARGUMENT

### A. Because the Seizures at Issue Were Lawful, Claims Premised On the Unlawfulness of the Seizures Must Be Dismissed

#### 1. Plaintiffs Cannot State a Claim for Trespass to Chattels Because the Seizures at Issue Were Lawful

As articulated in the USA's Motion, Plaintiffs cannot not state a claim for trespass to chattels because the seizure of the parcels at issue was not unauthorized. *See* USA's Motion at 11-12. In response, the Opposition argues that Plaintiffs did not consent to the seizures or the detention of their parcels, and that whether or not the seizure was lawful is essentially irrelevant. *See* Opp. at 7-8. There can be no claim for trespass to chattels, however, in response to the lawful seizure of a person's property. *See Johnson v. Barr*, No. 20-CV-01569-SK, 2021 WL 4313871, at *15 (N.D. Cal. Aug. 24, 2021) ("because the Individual Defendants were authorized to move and impound the van in connection with the arrests and under the caretaking doctrine, Plaintiffs' claims for trespass to chattel fails"); *Waters v. Howard Sommers Towing, Inc.*, No. CV 10-5296 CAS AJWX, 2011 WL 2601835, at *5 (C.D. Cal. June 30, 2011) (because "trespass to chattel involves the wrongful taking of another's property and a wrongful detention occurs when property has been unlawfully retained," claim for trespass to chattels was dismissed because "defendants did not unlawfully detain plaintiff's vehicle"). This is with good reason: it would be an absurd result to allow trespass to chattels claims in response to lawful searches and seizures simply because a person did not provide consent where none was required. Such a rule would place the United States in the untenable position of defending suits for money damages over actions that did not violate the law. Tellingly, none of the cases cited by Plaintiffs for this point involve the search or seizure of goods by law enforcement (or Postal Inspectors in particular), meaning that these cases do not involve a similar situation where a suit in tort could be permitted even though the seizures or searches the law enforcement officers were conducting were lawful. *See* Opp. at 8, citing *Butler v. Collins*, 12 Cal. 457 (1859) (involving sale of stock of goods); *People v. Dillon*, 1 Cal. App. 2d 224 (1934) (theft of goods by store clerk); *Levy v. Only Cremations for Pets, Inc.*, 57 Cal. App. 5th 203 (2020) (mishandling of pet dog's ashes); *Shin v. ICON Found.*, 553 F. Supp. 3d 724 (N.D. Cal. 2021) (claims by user against cryptocurrency exchange).

Here, the seizures at issue were lawful. Contrary to Plaintiffs' characterization that Postal

Inspectors may only make seizures if their investigation has progressed to a particular stage, *see* Opp. at 8 n.3, Postal Inspectors have the authority to "make seizures of property as provided by law" "in connection with their official duties," regardless of the particular stage of an investigation. 39 C.F.R. § 233.1(a). The Postal Inspectors here made said seizures as provided by law because they had reasonable suspicion to detain the parcels based on their exterior characteristics. *United States v. Gill*, 280 F.3d 923, 926 (9th Cir. 2002); *see also United States v. Williams*, 349 F. Supp. 3d 1007, 1014 (D. Haw. 2018) ("The physical characteristics of a parcel may provide investigators with reasonable suspicion."). While Plaintiffs attempt to pick apart the individual factors that formed the basis of the Postal Inspectors' reasonable suspicion, *see* Opp. at 17-19, this is the wrong analysis. Instead, courts assess "the totality of the circumstances" to determine whether there was reasonable suspicion, *United States v. Arvizu*, 534 U.S. 266, 273 (2002), based on how the relevant factors together would be "understood by those versed in the field of law enforcement." *United States v. Cortez*, 449 U.S. 411, 418 (1981); *see also Arvizu*, 534 U.S. at 273, 277-78. Here, as pled in Plaintiffs' Amended Complaint, Defendants had reasonable suspicion to seize the parcels because the "external physical characteristics of the parcels were consistent with" others containing "controlled substances." Dkt. 33 at ¶ 57. Other factors creating reasonable suspicion were "bulging contents"; "frequently mailed parcels from the same sender/address"; "parcel destination is a known drug trafficking area"; "taped or glued on all seams"; and "parcel mailed from a known drug source area." Dkt. 33 at ¶ 91. And the parcels were shipped from California, "priority mail express overnight." *Id.* These characteristics mirror the parcels at issue in *United States v. Hernandez*, 313 F.3d 1206, 1211 (9th Cir. 2002), where the Ninth Circuit found reasonable suspicion and upheld the detention of a parcel. Far more than simply incanting the words "drug package profile" as Plaintiffs chide, *see* Opp. at 21, the Postal Inspectors had several articulated factors that, taken together, made the seizure of the parcels reasonable.

The approximately 36-hour seizure of the parcels and two-day delay in delivery was also reasonable under the Fourth Amendment. *See, e.g.*, *Hernandez*, 313 F.3d at 1212-14 (seizure of 22 hours overnight was reasonable); *United States v. Gill*, 280 F.3d 923, 929 (9th Cir. 2002) (seizure of six days was reasonable); *United States v. Williams*, 349 F. Supp. 3d 1007, 1014 (D. Haw. 2018) (seizure of three-to-four days was reasonable; *United States v. Dass*, 849 F.2d 414, 414-15 (9th Cir. 1988) (finding

seizure of 7-to-23 days unreasonable while implying that 36-hour seizure would be reasonable). Further, because no search of the parcels occurred, the exterior of the parcels was already subject to a minimal possessory interest (which Plaintiffs do not dispute). *See* USA's Motion at 12 (citing *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1159–60 (9th Cir. 2007)).

Because a claim for trespass to chattels cannot proceed where the underlying seizure was lawful, Counts 1 and 13 should be dismissed.

### 2. The Postal Exception and the Discretionary Function Exception Apply to Lawful Seizures of Postal Matter

The USA's Motion establishes that several exceptions to the FTCA's limited waiver of sovereign immunity bar Plaintiffs' claims here, including the postal exception and the discretionary function exception. *See* USA's Motion at 7-8 (postal exception), 9-10 (discretionary function exception). The Opposition contends that these exceptions cannot apply in this case because the underlying seizures were unlawful. *See* Opp. at 10-11 (arguing postal exception does not apply due to unauthorized "intermeddling and inference"), 11-12 (arguing "conduct cannot be discretionary if it violates a legal mandate"). But Plaintiffs' contentions fail for the same reason they cannot state a claim for trespass to chattels: the allegations in the First Amended Complaint indicate that the underlying search was lawful.

As to the discretionary function exception, this exception clearly covers lawful conduct related to law enforcement investigations. *Gray v. Bell*, 712 F.2d 490, 514 (D.C. Cir. 1983); *see also Dupris v. McDonald*, 554 F. App'x 570, 573 (9th Cir. 2014) ("We have further noted that investigations by federal officers include the type of policy judgments protected by the discretionary function test."). The decisions at issue here—which parcels to investigate, and how to investigate them—fall squarely within conduct the discretionary function exception was intended to cover. Plaintiffs' cited authority only addresses whether unlawful conduct is outside the exception. *See* Opp. at 12. Such authority is inapposite where, as here, the underlying seizures were lawful.

Plaintiffs' arguments that the postal exception does not apply are similarly unavailing. Plaintiffs essentially contend that the postal inspection does not apply because the United States would be liable under the FTCA in the same manner and to the same extent as a private individual under like circumstances as the Postal Inspectors tortiously interfered with Plaintiffs' property as bailees. *See* Opp.

at 10. This is the same theory that underpins Plaintiffs' claims for trespass to chattels. *Compare* Opp. at 8. As noted above, however, such a claim is improper where the underlying seizures were lawfully carried out by law enforcement. This dovetails with the Supreme Court's holding in *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006), that the postal exception covers harms "of the sort primarily identified with the Postal Service's function of transporting mail throughout the United States." The harms alleged here are such harms: the detention of parcels before their eventual delivery.

Plaintiffs cite no authority indicating that the postal exception does not extend to the lawful seizure and detention of parcels by Postal Inspectors. And the one case related to mail that Plaintiffs do cite, *Birnbaum v. United States*, 588 F.2d 319 (2d Cir. 1978), *cited* Opp. at 10, is easily distinguishable because that case involved the unlawful mass interception of mail by the Central Intelligence Agency without any reasonable suspicion or probable cause. 588 F.2d at 331-34 & n. 29. The facts of *Birnbaum* stand in stark contrast to those here, where the Postal Inspectors had reasonable suspicion and the length of the detention was reasonable. Accordingly, this Court should find that the United States retains sovereign immunity under the postal exception with regards to all of Plaintiffs' FTCA claims.

**B.  The Remaining Exceptions to the FTCA's Limited Waiver of Sovereign Immunity Bar Plaintiffs' Claims, Which Plaintiffs Partially Concede**

### 1.  The Detention of Goods Exception Applies

The USA's Motion establishes that the detention of goods exception to the FTCA's limited waiver of sovereign immunity bars all of Plaintiffs' claims. *See* USA's Motion at 8-9. In response, Plaintiffs concede that the detention of goods exception precludes their claims as related to the "detention" of their property only, creatively distinguishing the initial seizure from the subsequent detention. Opp. at 11. There is only one problem with this novel theory: courts have drawn no such distinction.

In *Kosak v. United States*, 465 U.S. 848 (1984), the Supreme Court endorsed a broad reading of the detention of goods exception and noted the legislative history of the exception indicated that it should apply to all "seizures by law enforcement officials." 465 U.S. at 856. The *Kosak* Court made no distinction between that plaintiff's claims related to the "seizure and detention of his property." *Id.* at 850 n.3. The Ninth Circuit has also rejected the argument that alleged injuries attributable to the seizure

of goods are not covered by the detention of goods exception. *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1126 (9th Cir. 2019) (rejecting argument that seizures are not included in the FTCA's detention of goods exception because the authority underpinning the argument "predate[s] the expansion of the detention of goods exception by the Supreme Court to sweep within the exception all injuries associated in any way with the detention of goods by all law enforcement officials") (citing *Kosak* and *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 228 (2008)) (internal quotations omitted).

Plaintiff's sole citation to case law applying the detention of goods exception here is notably different than the circumstances of this case. *Douglas v. United States*, cited Opp. at 11, involved the failure to pay an inmate's wages. The Eleventh Circuit in that case clarified that the detention of goods exception covered "a claim that someone wrongfully took custody or possession of his property," rather than the issue of whether wages should have been paid or not. 814 F.3d 1268, 1279 (11th Cir. 2016). *Douglas* is thus inapposite here, where the facts involve exactly what the Supreme Court in *Kosak* and *Ali* found this exception should cover: the seizure and detention of goods.

### 2. The Intentional Tort Exception Bars Both of Plaintiffs' Contract Claims

The USA's Motion establishes that Plaintiffs' claims for interference with contractual relations (Count 2) and interference with prospective economic relations (Count 3) were barred by the intentional torts exception to the FTCA's limited waiver of sovereign immunity. *See* USA's Motion at 10-11; 28 U.S.C. § 2680(h). Plaintiffs concede that this exception bars their claim for interference with contractual relations, *see* Opp. at 12, and as a result Count 2 can be dismissed.

Plaintiffs are wrong, however, that their claim for interference with prospective economic relations is not covered by the intentional tort exception to the FTCA. Courts have made clear that such a claim is barred this exception. *See Forsythe v. Holder*, No. C-08-5160 MMC, 2009 WL 10710602, at *4 (N.D. Cal. Nov. 30, 2009*) (dismissing claims for "interference with contractual relations" and "intentional interference with prospective business relationships" as barred under Section 2680(h)); *Powerturbine, Inc. v. United States*, No. 3:14-CV-0435-CAB-BLM, 2014 WL 12160753, at *13 (S.D. Cal. Dec. 15, 2014) (dismissing damages claim "for interference with prospective economic advantages" because allegations or claims for damages arising out of interference with contract rights were barred by Section 2680(h)); *Williams v. United States*, No. CV 12-1885-GHK (SSX), 2012 WL 12888102, at *3

(C.D. Cal. May 11, 2012) ("Because [Defendant] was acting within the scope of his employment, Plaintiff's civil conspiracy and intentional interference with contractual relations claims are expressly barred by the FTCA."); *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1155 (D.C. Cir. 1985) ("claims for interference with prospective advantage are barred as claims arising out of interference with contract rights"); *Dupree v. United States*, 264 F.2d 140, 143 (3d Cir. 1959) ("The tort of interference with prospective or potential advantage is simply an extension of tort liability for interference with existing contractual relations" and accordingly barred under Section 2680(h)).

Plaintiffs respond that the intentional tort exception covers only "interference with contract rights" and thus does not cover interference with prospective economic relations because "prospective relations may not yet be vested contract rights, which they were yet to be in Plaintiffs' case." *See* Opp. at 12. The sole authority cited for this argument is *Mundy v. United States*, cited Opp. at 12, but the facts of that case bear no relationship to the facts here. In *Mundy*, the plaintiff brought claims related to the loss of his employment, but did not actually bring a claim for prospective economic relations. 983 F.2d 950, 953 (9th Cir. 1993). The Ninth Circuit rejected an attempt to analogize the employment-related claims to one for interference with prospective economic relations where no such claim was brought. *Id*. But here, Plaintiffs' claims are precisely the kind that are covered by the exception because they are claiming damages based on contracts that they allege they will not receive in the future (to complement the barred interference with contractual relations claim that covers contracts that existed at the time of the injury). The Court should follow the weight of authority on this issue and find that both Counts 2 and 3 are accordingly barred.

### C. Plaintiffs Fail to State Claims for Interference with Contractual Relations and Interference with Prospective Economic Relations

The Court does not need to reach the question of whether Plaintiffs have properly stated claims for interference with contractual relations or interference with prospective economic relations because these claims are barred by the intentional torts exception. *See supra* Section II.B.2. But if the Court were to find that this exception does not apply, the Court should still dismiss Counts 2 and 3 for failure to state a claim.

As to the interference with contractual relations claim, Plaintiffs do not dispute that "defendant's

knowledge of this contract" is a required element for this claim. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). Plaintiffs simply contend that "given the postal officials' familiarity with Plaintiffs and their business," Opp. at 9, the Individual Defendants should have known about the existence of contracts between Plaintiffs and unknown customers.[1] But while Plaintiffs allege that unknown postal clerks at a post office in Oakland may have known who Plaintiffs were, *see* Dkt. 33 at 31, there is no allegation that the Postal Inspectors whose actions give rise to Plaintiffs' FTCA claims knew Plaintiffs or had any knowledge that a potential contract existed. Under Plaintiffs' theory, any postal employee who handles a parcel is on notice of the existence of contracts, which would obviate the need for the knowledge element of this tort. Plaintiffs cite no authority for this unsupported interpretation of the knowledge requirement. The Court should find that Plaintiffs have failed to state a claim as a result.

As to the interference with prospective economic relations claim, Plaintiffs also do not dispute that knowledge of the prospective relationships is a required element of the claim. *Swipe & Bite, Inc. v. Chow*, 147 F. Supp. 3d 924, 935 (N.D. Cal. 2015). As set forth above, Plaintiffs do not plead any plausible facts indicating that the Postal Inspectors knew about the Plaintiffs' alleged prospective contracts (or that they knew who Plaintiffs were at all). Plaintiffs must also plead an intentional act. Even if Plaintiffs can accomplish this by alleging that the defendant knew that the interference was "certain or substantially certain to occur as a result of the action," *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1154 (2003), Plaintiffs have failed to meet this alternative pleading standard. Their bare-bones allegation that simply recites the element (here, that "interference was certain or substantially certain to occur," Opp. at 9), is insufficient to meet the requirements of *Iqbal* and *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, (2007) ("a formulaic recitation of a cause of action's elements will not do.")

---

[1] While Plaintiffs claim that the Postal Inspectors also knew what the parcels contained at the time of seizure, Opp. at 9, the First Amended Complaint admits that "It is not clear whether Defendants knew that the packages contained—in Defendants' words—'BLM MASKS' before seizing the packages" because the Postal Inspectors did not know what was in the parcels until Plaintiffs contacted national news media shortly after their parcels were seized. Dkt. 33 at 57, 78.

REPLY ISO MOTION TO DISMISS CLAIMS AGAINST THE UNITED STATES
3:22-CV-03195-WHO                                              8

### D. Plaintiffs Concede that Counts 13, 14, and 15 Should Be Dismissed As Duplicative

The USA's Motion establishes that Counts 13, 14, and 15 should be dismissed as duplicative of Counts 1, 2, and 3 because the Attorney General's designee certified that Defendants Chan, Agster, Hodges, and Lee were acting within the scope of their employment and thus the United States was the only proper defendant for these claims under the FTCA. *See* USA's Motion at 14-15. Plaintiffs do not challenge this certification and "recognize that [these claims] may currently be barred by the Westfall Act." *See* Opp. at 26. Accordingly, Counts 13, 14, and 15 should be dismissed.

### E. Plaintiffs Do Not Dispute That Declaratory Relief is Not Available Under the FTCA

The USA's Motion establishes that Paragraphs 374 through 376 of Plaintiffs' prayer for relief ask the Court for declaratory relief but, under the FTCA, the United States has only waived sovereign immunity for claims against the United States seeking monetary damages and no similar waiver exists for declaratory relief. *See* USA's Motion at 15-16; *see also* 28 U.S.C. § 1346; *Lumarse, Inc. v. Dept. of Health and Human Svcs.*, 191 F.3d 460, 1999 WL 644355, at *4 (9th Cir. 1999) (affirming district court's order dismissing claims for declaratory relief where plaintiff did not identify statute waiving sovereign immunity for these claims). The Opposition does not dispute that these paragraphs should be struck, and accordingly, should any part of the claims against the United States survive this motion to dismiss, the Court should strike Paragraphs 374 through 376 of Plaintiffs' prayer for relief.

## III. CONCLUSION

For the foregoing reasons, and those set forth in the USA's Motion, the Court should grant Defendant's motion and dismiss all claims in the First Amended Complaint against the United States. Alternatively, if any portion of the First Amended Complaint against the United States should survive the motion to dismiss, Defendant seeks an order striking Paragraphs 374 to 376 from the FAC's Prayer for Relief.

1  DATED:  February 22, 2023

2                                                            Respectfully submitted,

3                                                            STEPHANIE M. HINDS
4                                                            United States Attorney

5                                                            */s/ Michael A. Keough*
6                                                            MICHAEL A. KEOUGH
                                                           Assistant United States Attorney

7                                                            *Attorneys for Defendants*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28