Jaba Tsitsuashvili (CA Bar No. 309012)
Patrick Jaicomo* (MI Bar No. P-75705)
Trace Mitchell* (DC Bar No. 1780794)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
jtsitsuashvili@ij.org

*Admitted pro hac vice

Anna M. Barvir (CA Bar No. 268728)
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Phone: (562) 216-4444
Fax: (562) 216-4445
abarvir@michellawyers.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RENÉ QUIÑONEZ and MOVEMENT INK LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; and JEFF AGSTER, EVA CHAN, STEPHEN FAJARDO, MARK HODGES, ROBIN LEE, and CI2 TEAM DOES 1 through 2, United States Postal Service and United States Postal Inspection Service officials in their individual capacities,<br><br>Defendants. | Case No. 3:22-cv-3195-WHO<br><br>**MOTION FOR ADDITIONAL AMENDMENTS TO THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. William H. Orrick<br>Hearing: Wednesday, September 13, 2023<br>Time: 2:00 p.m. |

Motion for Additional Amendments to Third Amended Complaint – Case No. 3:22-cv-3195-WHO

1

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 13, 2023 at 2:00 p.m., or as soon thereafter as this matter may be heard by the Honorable William H. Orrick, United States District Judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs René Quiñonez and Movement Ink LLC will and hereby do move the Court for an order permitting Plaintiffs to make certain amendments to their simultaneously filed Third Amended Complaint in addition to those amendments already ordered by the Court in its Order Granting in Part and Denying in Part Motions to Dismiss the Second Amended Complaint (*see* Dkt. 80 at 17).

**RELIEF SOUGHT**

Plaintiffs seek an order permitting them to make certain amendments to their simultaneously filed Third Amended Complaint in addition to those amendments already ordered by the Court in its Order Granting in Part and Denying in Part Motions to Dismiss the Second Amended Complaint (*see* Dkt. 80 at 17). Specifically, as explained below, Plaintiffs seek leave to raise their already pleaded Fourth Amendment (seizure and search) and First Amendment (retaliation for speech) claims under the California Bane Act (Cal. Civil Code § 52.1). The Bane Act provides a civil cause of action for damages "[i]f a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal. Civil Code § 52.1(b)–(c).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' Third Amended Complaint (TAC), filed simultaneously with this motion, makes certain factual corrections according to the limited leave to amend already granted by the Court. *See* Dkt. 80 at 17. Plaintiffs are filing this motion (which Defendants oppose) to seek leave under Rule 15(a)(2) to make an additional amendment. As explained in more detail below, Plaintiffs are not seeking to alter or add any factual allegations in addition to those factual amendments already ordered by the Court, but simply to bring their already pleaded constitutional claims (under the

Motion for Additional Amendments to Third Amended Complaint – Case No. 3:22-cv-3195-WHO

Fourth Amendment for seizures and searches, and under the First Amendment for retaliation) under another authorizing statute—namely, California's Bane Act (Cal. Civil Code § 52.1). The Bane Act provides a civil cause of action for damages for violations of the United States Constitution. As explained below, Plaintiffs' constitutional claims against the individual defendants would be properly brought under the statute and are therefore not futile, the claims are not prejudicial because the underlying facts and constitutional violations have been pleaded since the original complaint, and the claims are not the result of undue delay, bad faith, dilatory motive, or excessive amendments. Worth noting, for purposes of futility and prejudice: The Court already held that Plaintiffs "have plausibly alleged that [Plaintiffs'] packages were searched in violation of the Fourth Amendment" (Dkt. 80 at 10), so discovery is already imminent on issues relevant to at least one of the constitutional claims Plaintiffs seek to bring under the Bane Act (Count 17 of the TAC).

**1.** When the Court granted in part and denied in part Defendants' motions to dismiss the Second Amended Complaint, the Court granted "limited leave to amend to substitute [Defendant] Lee for one of the Doe defendants." Dkt. 80 at 17. In the TAC (filed simultaneously with this motion), Plaintiffs have made that amendment. Plaintiffs have clarified the conduct previously attributed to Doe Defendants that they now know is attributed to Defendant Lee, and Plaintiffs have clarified that the Doe Defendants are actually the unnamed members of Defendants' "CI2 Team" that Plaintiffs allege (based on Defendant Hodges's notes) seized, searched, and diverted Plaintiffs' packages after Defendant Lee and before Defendant Chan.

In addition to those already granted factual amendments, Plaintiffs seek leave pursuant to Rule 15(a)(2) for a limited legal amendment. This additional amendment is not to alter or add any more factual allegations, but simply to raise Plaintiffs' already pleaded Fourth Amendment (seizure and search) and First Amendment (retaliation for speech) claims under the California Bane Act (Cal. Civil Code § 52.1). The Bane Act provides a civil cause of action for damages "[i]f a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal.

Civil Code § 52.1(b)–(c). Plaintiffs' Fourth Amendment and First Amendment claims (which have been pleaded since the original complaint, but which the Court dismissed as not cognizable under *Bivens*, the Westfall Act, directly under the Constitution, or under California common law) fall within the Bane Act's scope, so leave to amend should be granted. The amendment would not be futile or prejudicial, and it is not the product of undue delay, bad faith, dilatory motive, or excessive amendments.

**2.** The requested leave to amend to bring Plaintiffs' constitutional claims under the Bane Act would not be futile because (a) the Westfall Act authorizes state civil actions for violations of the federal constitution, which is precisely what the Bane Act claims would be, and (b) the Court has already held that at least one such federal constitutional violation is adequately pleaded (Plaintiffs' search claim, *see* Dkt. 80 at 10).

**a.** The Westfall Act makes clear that the exclusiveness of the FTCA as a remedy for certain common law torts committed by federal government officials "does not extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). To be sure, the Supreme Court has limited the scope of this provision with respect to *Bivens* claims, and this Court held that this provision does not independently make constitutional claims against individual defendants cognizable under the provision itself, directly under the Constitution, or under state common law. *See* Dkt. 62 at 24–25. But in giving effect to the provision, "nothing would stop a state from creating a new cause of action allowing plaintiffs to directly allege federal constitutional violations." *Buchanan v. Barr*, 71 F.4th 1003, 1016 (D.C. Cir. 2023) (Walker, J., concurring) (citing Akhil Reed Amar, *Using State Law to Protect Federal Constitutional Rights: Some Questions and Answers About Converse-1983*, 64 U. Colo. L. Rev. 159, 160 (1993)). That is exactly what the Bane Act provides: a state civil action brought for federal constitutional violations. *Compare* 28 U.S.C. § 2679(b)(2)(A) (recognizing the cognizability of "a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States"), *with* Cal. Civil Code § 52.1(b)–(c) (authorizing a civil action against any "person" who "interferes . . . with

the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States"). And, of course, federal constitutional violations are exactly what Plaintiffs allege (and have alleged since the original complaint) against the individual Defendants in this case (*see* TAC Counts 16, 17, 18). So, as indicated by the Westfall Act (and recently recognized by Judge Walker), those violations are cognizable under the Bane Act.

**b.** In addition to being cognizable under the Bane Act, Plaintiffs' constitutional claims (TAC Counts 16, 17, 18) are viable under the Bane Act. Indeed, this Court has already held that at least one of Plaintiffs' constitutional claims is adequately pleaded. *See* Dkt. 80 at 10 ("the plaintiffs have plausibly alleged that the packages were searched in violation of the Fourth Amendment"). That alone suffices to hold that at least one of Plaintiffs' Bane Act claims (Count 17, for unconstitutional searches) is not futile. Moreover, Count 16 (for unconstitutional seizures) and Count 18 (for First Amendment retaliation) are adequately pleaded against at least Defendant Lee, who (1) the Court has already recognized "knew Quiñonez, his business, and his purpose in shipping the packages at issue" and proceeded to seize the packages in interference with Plaintiffs' prospective economic relations, Dkt. 80 at 12; (2) also knew the (controversial) activism-inspired nature of Plaintiffs' business, TAC ¶¶ 34, 65, 420, 422; and (3) gave no articulable basis for reasonable suspicion when he seized and diverted Plaintiffs' packages, TAC ¶¶ 34, 66.[1] In short, far from futile, Plaintiffs' Bane Act constitutional claims are crucial: The Court has rejected every other potential avenue for Plaintiffs' constitutional claims (under *Bivens*, the Westfall Act, the Constitution, and California common law); so in these circumstances, leave to plead Plaintiffs'

---

[1] The Bane Act's "threat, intimidation, or coercion" element is also satisfied as to all three proposed Bane Act claims. First, the Ninth Circuit has held that an intentional or reckless violation of a person's Fourth Amendment property rights (as alleged here directly in Counts 16 and 17 (for seizure and search), and implicitly in Count 18 (for retaliatory seizure and search)) is coercive under the Bane Act. *Sandoval v. County of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018). Second, as detailed in the TAC, the intentional or reckless conduct giving rise to all three constitutional claims (Counts 16 (baseless seizure of expressive property by government officials), 17 (baseless search of expressive property by government officials), and 18 (retaliation for expressive activity by government officials)) has left Mr. Quiñonez and Movement Ink threatened, intimidated, and coerced emotionally, economically, and in the exercise of their free speech rights. TAC ¶¶ 5, 40–59, 61, 97, 385–386, 406–407, 428–429.

Motion for Additional Amendments to Third Amended Complaint – Case No. 3:22-cv-3195-WHO

1  constitutional claims (at least one of which the Court has already held is adequately pleaded but not

2  otherwise cognizable) under the Bane Act should be "freely give[n]" because "justice so requires."

3  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4      **3.** The requested leave to amend to bring Plaintiffs' constitutional claims under the Bane Act

5  would not be prejudicial, for two simple reasons. First, the very constitutional claims Plaintiffs seek

6  to raise under the Bane Act have been alleged in this case since the original complaint, so there is

7  no element of surprise. *Compare* Dkt. 1 Counts 1, 4, 7, *with* TAC Counts 16, 17, 18. Second, in

8  denying the motion to dismiss Plaintiffs' trespass to chattels claim, this Court already held that at

9  least one of Plaintiffs' constitutional claims (the search claim, which is TAC Count 17 under the

10 Bane Act) is adequately pleaded, *see* Dkt. 80 at 10, so discovery is already imminent on issues

11 relevant to at least one of the constitutional claims Plaintiffs seek to bring under the Bane Act.

12 Moreover, discovery on the other claim the Court already permitted to proceed (Defendant Lee's

13 interference with Plaintiffs' prospective economic relations) is all but certain to entail questions that

14 overlap with Plaintiffs' other two constitutional claims (unconstitutional seizure under TAC Count

15 16, and retaliation for speech under TAC Count 18). In these circumstances, "leave to amend will

16 not unduly prejudice" Defendants because Plaintiffs' proposed Bane Act "claims involve the same

17 parties and many [indeed, likely all] of the same underlying facts as the claims asserted by

18 [Plaintiffs] in [their] SAC." *Georgia-Pacific v. OfficeMax Inc.*, 2014 WL 2860267, at *4 (N.D. Cal.

19 June 23, 2014) (Orrick, J.). The fact that no discovery has yet occurred, coupled with the overlap

20 the proposed claims would have with discovery that will occur anyway, further weigh against any

21 assertion of prejudice Defendants may raise. *See id.* "Prejudice to the opposing party is the most

22 important factor" in determining whether to grant leave to amend, and here there is none, so

23 Plaintiffs' amendment should be granted. *Id.* (citation omitted).

24     **4.** The requested leave to amend to bring Plaintiffs' constitutional claims under the Bane Act

25 is not the result of undue delay, bad faith, dilatory motive, or excessive amendments. As to

26 excessiveness: To be sure, this is Plaintiffs' third amendment; but the first amendment was simply

27 to add the United States as a defendant after the FTCA's mandatory administrative exhaustion

28 Motion for Additional Amendments to Third Amended Complaint – Case No. 3:22-cv-3195-WHO

1  period ran (which could not be done sooner), and both subsequent amendments have been ordered
2  by the Court. As to undue delay, bad faith, or dilatory motive: This case raises complex and novel
3  issues of constitutional and statutory interpretation. Plaintiffs have argued in good faith throughout
4  the case that their constitutional claims are cognizable under a variety of doctrines and statutes, but
5  the Court has rejected them all (while recognizing that at least one of Plaintiffs' constitutional claims
6  is adequately pleaded). Until recently, no court or judge had explicitly endorsed the theory under
7  which Plaintiffs now seek to bring their Bane Act claims. *See Buchanan*, 71 F.4th at 1016 (Walker,
8  J., concurring) (decided June 23, 2023). Plaintiffs are not seeking to spring a new set of facts or
9  allegations on Defendants; they are simply bringing the same allegations under an additional
10 authorizing statute—one which, again, had not been tested or endorsed in similar circumstances
11 until recently. As the Ninth Circuit has held in assessing the timeliness of a claim under Rule 15's
12 relation back doctrine, claims that arise from the same transaction or occurrence as those originally
13 alleged should not be rejected as untimely even if those claims were previously "expressly
14 disclaimed," as long as the other side has been "notified of litigation concerning a particular
15 transaction or occurrence." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1005–06 (9th Cir.
16 2014). Here, Plaintiffs never disclaimed their proposed Bane Act claims, and they are not seeking
17 in any way to spring new factual allegations on Defendants. No good reason exists to deny Plaintiffs
18 the opportunity to bring their already pleaded constitutional claims under a previously untested
19 authorizing statute, especially after this Court has already recognized that at least one of the claims
20 is adequately pleaded but not otherwise cognizable.

21                                          **CONCLUSION**

22         In addition to the TAC's factual amendments already granted and ordered by the Court, the
23 Court should also grant Plaintiffs leave to bring their already pleaded constitutional claims under
24 the Bane Act (Counts 16, 17, and 18 of the TAC).

July 31, 2023                    Respectfully submitted,

<div style="margin-left: 2em;">
s/ Jaba Tsitsuashvili
Jaba Tsitsuashvili (CA Bar No. 309012)
Patrick Jaicomo* (MI Bar No. P-75705)
Trace Mitchell* (DC Bar No. 1780794)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
jtsitsuashvili@ij.org

*Admitted pro hac vice

Anna M. Barvir (CA Bar No. 268728)
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Phone: (562) 216-4444
Fax: (562) 216-4445
abarvir@michellawyers.com

*Counsel for Plaintiffs*
</div>