UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE QUINONEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 22-cv-03195-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO MAKE ADDITIONAL AMENDMENTS TO THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 84 |

Plaintiffs René Quiñonez and Movement Ink LLC ("the plaintiffs") seek leave to make further amendments to their Third Amendment Complaint ("TAC") to add claims under California's Tom Bane Civil Rights Act ("Bane Act") for alleged First and Fourth Amendment violations. Mot. [Dkt. No. 84] 2:11-20. The United States of America opposes the request, arguing that the proposed amendments: (1) go beyond the limited leave to amend I gave the plaintiffs when granting in part and denying in part the most recent motions to dismiss; and (2) would be futile. Oppo. [Dkt. No. 88] 1:20-2:9. The proposed amendments would be futile and the motion is DENIED.[1]

The parties are familiar with the allegations and procedural history of this case, which I need not repeat in detail here. At a high level, the plaintiffs allege that the defendants (the United States and individual United States Postal Service or Postal Inspection Service workers) violated their First and Fourth Amendment rights when they seized, detained, and searched four packages containing masks screen-printed with political messages. *See* Dkt. No. 80 at 1:13-26. I have twice dismissed the majority of the plaintiffs' claims with prejudice, primarily because they asserted constitutional violations under *Bivens v. Six Unknown Federal Narcotics Agents*, 403

---

[1] Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument and the September 13, 2023, motion hearing is VACATED.

1  U.S. 388 (1971), the Westfall Act, and the First and Fourth Amendments—none of which
2  provided a cause of action. *See id*. at 6:10-15; *see also* Dkt. No. 62 at 1:13-25. I also dismissed
3  state law tort claims against the individual defendants, which can only proceed against the United
4  States under the Federal Tort Claims Act ("FTCA"). *See* Dkt. No. 62 at 1:13-25. Two claims
5  asserted against the United States under the FTCA remain in the case and are unaffected by the
6  pending motion: a trespass to chattels claim based on the purported search, and an interference
7  with prospective economic relations claim. *See* Dkt. No. 80 at 1:13-26.

       Turning to the proposed amendment, Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave" to amend "when justice so requires." The Ninth Circuit has repeatedly instructed that this is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (same).

       The United States does not argue that amending the TAC to include the Bane Act claims would cause prejudice or an undue delay in litigation, or is sought in bad faith. *See generally* Oppo. The issue is futility, and it depends on the relationship between the Bane Act, the Westfall Act, and the FTCA.

       The FTCA waives the sovereign immunity of the United States for "certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citation and quotations omitted). The Westfall Act "accords federal employees absolute immunity from common law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). As the Supreme Court explained in *Osborn*:

> When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose. Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act.

2

*Id.* at 229-30 (citing 28 U.S.C. § 2679(d)(1), (2)). "The substitution leads, in effect, to a single avenue of recovery against the United States under the Federal Tort Claims Act." *Wilson v. Horton's Towing*, 906 F.3d 773, 780-81 (9th Cir. 2018) (citation and quotations omitted); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 748 (2020) (describing the FTCA as "the exclusive remedy for most claims against government employees arising out of their official conduct") (same).

The Westfall Act does not, however, apply to civil actions against government employees "brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). The plaintiffs contend that this caveat provides room to assert First and Fourth Amendment violations under the Bane Act, which creates a state law cause of action for damages

> [i]f a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of the rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.

Mot. at 4:7-11; *see also* Cal. Civ. Code § 52.1(a), (c). The plaintiffs rely on a concurring opinion from a recent District of Columbia Circuit case, which they contend for the first time "explicitly endorsed the theory under which plaintiffs now seek to bring their Bane Act claims." Mot. at 7:6-8 (citing *Buchanan v. Barr*, 71 F.4th 1003, 1016 (D.C. Cir. 2023) (Walker, J., concurring)).

The United States argues that the Westfall Act does not authorize Bane Act claims against the individual defendants because it is a "state law cause of action sounding in tort even predicated on violations of the constitution and other statutes." Oppo. at 5:11-12. It further argues that the Bane Act claims could not be asserted against the United States because the United States did not waive sovereign immunity for such claims under the FTCA. *Id.* at 6:2-4.

The plaintiffs' requested amendments are another attempt to circumvent the combined limitations of the Westfall Act and FTCA. They made similar arguments on the motions to dismiss, arguing that the Westfall Act "could be read to preserve . . . state tort remedies in cases alleging a violation of the Constitution by federal officials." *See* Dkt. No. 62 at 17:20-28. I declined to create such a caveat then, and I decline to do so now. *See id.*

Plaintiffs' reliance on a concurring opinion in a DC Circuit case is not persuasive. Of

course, it is not binding on anyone, let alone a court in the Ninth Circuit. Moreover, it was more tempered than the plaintiffs represent, stating that the Westfall Act's exception for constitutional violations "*might* preserve state tort suits 'brought' to remedy constitutional injuries" and describing a broad reading of the exception under which it might be "possible" that such suits could proceed. *See Buchanan*, 71 F.4th at 1012-1018 (emphasis added). It concludes that the judge was "not certain whether the Westfall Act is best read to allow state tort suits for constitutional injuries" but "hope[d] the Act gets close attention in an appropriate case." *Id*. at 1017. I read the concurrence as an exploration of the plaintiffs' theory and not the "explicit endorse[ment]" that they claim. *See* Mot. at 7:6-8.

Importantly, the plaintiffs attempt to sidestep binding authority that precludes their Bane Act claims against the individual defendants. In *United States v. Smith*, 499 U.S. 160, 166-67 (1991), the Supreme Court stated that according to the language of the Westfall Act, the FTCA "is not the exclusive remedy for torts committed by government employees in the scope of their employment when an injured plaintiff brings: (1) a *Bivens* action . . . or (2) an action under a federal statute that authorizes recovery against a government employee." The Court wrote, "Congress' express creation of these two exceptions convinces us that the Ninth Circuit erred in inferring a third exception that would preserve tort liability for government employees when a suit is barred under the FTCA," noting that "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Smith*, 499 U.S. at 167 (citation omitted). A Bane Act claim is neither a *Bivens* action nor an action brought under a federal statute, and thus would be futile under *Smith*.[2] This is particularly true given the Court's admonition against reading additional exceptions into the Westfall Act.

The plaintiffs argue that interpreting *Smith* to limit constitutional claims against government officials to *Bivens* actions misreads the language, and that it does not apply to the

---

[2] As the United States notes, at least one Northern District court has read *Smith* similarly. *See* Oppo. at 5:7-10 (citing *Haynes v. Hanson*, No. 11-CV-05021-JST, 2014 WL 1668904, at *3 n.2 (N.D. Cal. Apr. 25, 2014) (citing *Smith* and stating that it "appear[s]" that the plaintiff's "proposal to bring a Bane Act claim against a federal employee fails as a matter of law").

4

"textual exception" that they now seek. *See* Reply [Dkt. No. 89] 4:15-7:13. The language in *Smith* is clear to me; if it is not, that is for a higher court to decide.

The plaintiffs also ignore cases within this Circuit that preclude their Bane Act claims against the United States. The Supreme Court has expressly held that to be actionable under the FTCA, "a claim must allege . . . that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred'" and a constitutional tort claim "could not contain such an allegation." *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). The Ninth Circuit has read *Meyer* as precluding Bane Act claims deriving from constitutional violations. *See Lewis v. Mossbrooks*, 788 Fed. App'x 455, 460 (9th Cir. 2019) (stating that the district court lacked subject matter jurisdiction over a Bane Act claim because it "imports a constitutional violation—the use of excessive force—that could not otherwise be the basis for a claim against a private person"). Although *Lewis* is an unpublished memorandum disposition, multiple courts within the Ninth Circuit had cited it and *Meyer* for the proposition that plaintiffs cannot assert Bane Act claims under the FTCA premised on federal constitutional violations. *See, e.g., Peralta v. United States*, 475 F. Supp. 3d 1086, 1097 (C.D. Cal. 2020); *Reyes v. United States*, No. 20-CV-01752, 2021 WL 615045, at *4-5 (S.D. Cal. Feb. 16, 2021) (citing cases). Given the language in *Meyer*, the Ninth Circuit's interpretation of it, and the reliance on those decisions within this Circuit, I see no reason to take a contrary approach. Allowing the plaintiffs' proposed Bane Act claims against the United States would also be futile.

Accordingly, amending the TAC to include Bane Act claims would be futile under the current law. The plaintiffs' motion is DENIED

**IT IS SO ORDERED.**

Dated: August 30, 2023

William H. Orrick
United States District Judge