1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2   PAMELA T. JOHANN (CABN 145558)
    Chief, Civil Division
3   MICHAEL A. KEOUGH (NYRN 5199666)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6878
6       Fax: (415) 436-7234
        michael.keough@usdoj.gov
7
    *Attorneys for Defendant*
8
                   UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN FRANCISCO DIVISION
11

12   RENÉ QUIÑONEZ and MOVEMENT INK          )   Case No. 3:22-CV-03195-WHO
     LLC,                                     )
13                                            )   **OPPOSITION TO PARTIAL MOTION FOR**
              Plaintiffs,                     )   **SUMMARY JUDGMENT AS TO COUNT 1 OF**
14                                            )   **THE FOURTH AMENDED COMPLAINT (DKT.**
          v.                                  )   **119)**
15                                            )
     UNITED STATES OF AMERICA,                )
16                                            )
              Defendant.                      )
17   _____ )

18

19

20

21

22

23

24

25

26

27

28

Defendant the United States of America submits the following opposition to Plaintiffs' Partial Motion for Summary Judgment as to Count 1 of the Fourth Amended Complaint (Dkt. 119) (the "Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiffs can show there is no dispute of material fact with regards to whether the parcels at issue were opened and searched; and

2.      Whether, as a matter of law, squeezing or sniffing a parcel represents an unlawful search with respect to a claim for trespass to chattels.

**II.     INTRODUCTION**

Plaintiffs have filed a motion for summary judgment with regards to their trespass to chattels claim.  They contend that a single interrogatory response is sufficient for the Court to determine that no genuine dispute of material fact exists as to whether four parcels mailed by Plaintiffs on June 3, 2020 were opened.  And they further contend that evidence that the packages were squeezed or sniffed by U.S. Postal Inspection Service ("USPIS") officials constitutes a search that is actionable as part of this claim.

Neither contention warrants summary judgment.  All available evidence, including the deposition testimony of everyone who touched the parcels as part of USPIS's assessment of the parcels, indicates that the four parcels at issue were not opened.  Plaintiffs also plainly misread the interrogatory response, which on its face indicates that, in the entire year 2020, no parcels were opened between 0 and 18 days after they were first assessed by USPIS.  That number would have been greater than zero if the four parcels at issue had been opened.  Further, the undisputed evidence demonstrates that the four parcels at issue fall into a category of parcels assessed but returned to the mailstream *without being opened*.  Plaintiffs have not even come close to showing that there is no genuine dispute of material fact with regards to whether any of the parcels were opened and searched.

Additionally, the law is clear that a sniff or squeeze does not constitute an unlawful search. Plaintiffs cite no authority indicating that the handling of a parcel (or smelling it) is a search that violates the Fourth Amendment – and, as the Court has previously held, anything less than a search in violation

1  of the Fourth Amendment is not actionable under several exceptions to the FTCA's limited waiver of

2  sovereign immunity.  Plaintiffs invite the Court to apply cases involving personal luggage to this case

3  involving U.S. mail.  However, binding Ninth Circuit law demonstrates that personal luggage comes

4  with a greater expectation of privacy than items deposited in the mail, and Plaintiffs' cited case law is

5  thus inapposite.

6  For the reasons set forth below, Plaintiffs' partial summary judgment motion should be denied.

7  **III.    STATEMENT OF FACTS**

8  Plaintiff shipped four parcels via Express Mail from the Oakland Main Post Office on June 3,

9  2020.  Plaintiff has no personal knowledge of what happened to the four parcels after he deposited them

10  at the post office on June 3, 2020.  *See* Declaration of Michael Keough, Ex. 1 (René Quiñonez Depo.

11  Tr., p. 106).  Those parcels bore the following tracking numbers:  EJ363119375US, EJ363119384US,

12  EJ363119353US, and EJ363119367US.  Declaration of Mark Hodges, dated October 4, 2024 ("Hodges

13  Decl.") ¶ 4.  On June 4, 2020, the parcels arrived at USPIS's Division Headquarters ("DHQ") in

14  Richmond, California and were processed as part of USPIS' Administrative Nonmailability Protocol

15  ("ANP"), the administrative procedure used to address suspected narcotics parcels.  Hodges Decl. ¶¶

16  3, 5.  The parcels were then evaluated and processed by contractors Stephen Fajardo and Carlos Ruiz.

17  Fajardo processed three of the parcels (EJ363119375US, EJ363119353US, and EJ363119367US) while

18  Ruiz processed the fourth (EJ363119384US).  *See* Hodges Decl. ¶ 6; *see also* Dkt. 119-4, at ECF pages

19  81-84 (Parcel Detail Worksheets for the parcels at issue attached as exhibit to Ruiz deposition).   Fajardo

20  testified that he did not open any of the subject parcels that he processed.  Dkt. 119-3, at 122:20-24

21  (Fajardo deposition).  In fact, Fajardo testified that he had never opened a parcel prior to its expiration

22  date, several weeks after a parcel was initially processed,[1] and Mark Hodges would have been present

23  for any opening.  *Id.* at 101:7-8; 101:15-22.  Ruiz similarly testified that, as a contractor, he had never

24  personally opened a parcel.  Dkt. 119-4, at 22:2-4 (Ruiz deposition).

25  After processing by Fajardo and Ruiz, all four parcels were held at DHQ.  On the morning of

26  June 5, 2020, Postal Inspector Hodges retrieved the four parcels from DHQ and photographed them.

27

28
_____
[1] The parties do not dispute that the subject parcels were held for less than two days.

Hodges Decl. ¶ 11 & attachment (photographs of subject parcels taken by Mr. Hodges bearing Bates range USA000823 to USA000831).  The parcels were not open at the time Hodges retrieved them, and Hodges did not observe any signs that the parcels had been opened and resealed.  Hodges Decl. ¶¶ 8-9. Like Fajardo and Ruiz before him, Hodges did not open the parcels.  Hodges Decl. ¶ 10.  Hodges then transported the unopened parcels to the Oakland Processing & Delivery Center ("P&DC") to be returned to the mailstream and delivered to their intended recipients.  Hodges Decl. ¶ 12.

In response to an interrogatory asking for information about the disposition of parcels processed through the ANP in 2020, Postal Inspector Jeffery Agster compiled data from the ANP database.  *See* Declaration of Jeffrey Agster, dated October 4, 2024 ("Agster Decl."), ¶ 4.

| Statistics for 2020 | Count |
|---|---|
| Number of parcels detained by USPIS pursuant to ANP: | 50,832 |
| Number of those year 2020 detained parcels that were opened based on: | |
| o Consent | 2,777 |
| o Expiration of 21-day window | 48,016 |
| o Parcels opened up to 3 days prior to the expiration of the 21-day window | 0 |
| o Judicial search warrant | 24 |
| o Something else | 15 |
| | Appeal process through OOC (10) |
| | Unclear from appeal whether consent to open provided or returned to mailstream (5) |
| Number of those year 2020 detained parcels in which: | |
| o Marijuana was found | 46,942 |
| o Other illegal drugs were found | 2,181 |
| o Other contraband was found | 195 |
| o Only mailable items were found | 3,273 |
| Number of parcels assessed by USPIS pursuant to ANP and returned to the mailstream without being detained: | 6,318 |
| Number of parcels assessed by USPIS pursuant to ANP and returned to the mailstream without being opened: | 62 |

The data used to compile the response was stored in the ANP database maintained by USPIS to track data related to each ANP parcel, the same data reflected in the Parcel Detail Worksheets for each individual parcels.  Agster Decl. ¶ 6.   This data indicates 62 parcels were assessed by USPIS in 2020

1  and returned to the mailstream and without being opened.  This number includes the four parcels bearing

2  tracking numbers EJ363119375US, EJ363119384US, EJ363119353US, and EJ363119367US.  Agster

3  Decl. ¶ 7.  The interrogatory response also confirms that 0 parcels were opened in 2020 up to 3 days

4  prior to the expiration of the 21-day window (i.e., from 0 to 18 days after triage).  There is no dispute

5  that the parcels here were held by USPIS for less than two days.  If the parcels had been opened during

6  that time, the data for "parcels opened up to 3 days prior to the expiration of the 21-day window" would

7  reflect at least four parcels.  It does not.  Data for the parcels EJ363119375US, EJ363119384US,

8  EJ363119353US, and EJ363119367US does not appear in the interrogatory response fields for parcels

9  opened based consent, expiration of 21-day window, judicial search warrant, or something else, because

10  ANP data indicates that these parcels were not opened.  Agster Decl. ¶ 9.   There is no record in the

11  ANP database (the source of the interrogatory response) of the four parcels being opened, as reflected in

12  the Parcel Detail Worksheets that include no opening date for the four parcels at issue.  Agster Decl. ¶

13  10; Dkt. 119-4, at 81-84 (Parcel Detail Worksheets).

14  **IV.  LEGAL STANDARD**

15          Summary judgment is inappropriate unless the moving party "shows that there is no genuine

16  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

17  P. 56(a).  A dispute is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the

18  nonmoving party.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986).  A fact is "material" if

19  it might affect the outcome of the case.  *Id.* at 248.  In considering a motion for summary judgment, the

20  court must view the evidence in the light most favorable to the non-moving party.  *Davis v. United*

21  *States*, 854 F.3d 594, 598 (9th Cir. 2017).  "A court can only consider admissible evidence in ruling on a

22  motion for summary judgment."  *Violan v. On Lok Senior Health Servs.*, No. 12-cv-05739-WHO, 2013

23  WL 6907153, at *15 (N.D. Cal. Dec. 31, 2013); *see also* Fed. R. Civ. P. 56(c)(2).   In resolving a

24  summary judgment motion, a court should not weigh the evidence.  *His & Her Corp. v. Shake-N-Go*

25  *Fashion, Inc*., 572 F. App'x 517, 518 (9th Cir. 2014) (citing *Anderson*, 477 U.S. at 255).  "It is also clear

26  that the court must not make any credibility determinations."  *Zetwick v. Cnty. of Yolo*, 850 F.3d 436,

27  441 (9th Cir. 2017).

28

1

2  **V.     ARGUMENT**

3       **A.     Summary Judgment Based on Plaintiffs' Mischaracterization of a Single
              Interrogatory Response is Inappropriate**

4

5       To prevail on their motion for summary judgment, Plaintiffs must show that there is no genuine

6  dispute of material fact regarding whether the four parcels at issue in this motion were opened and

7  searched.  To accomplish this, Plaintiffs point to a single interrogatory response they contend

8  conclusively settles the debate as to whether the parcels were opened.  But Plaintiffs' motion ignores the

9  testimony of the individuals who handled the parcels at DHQ, each of whom unambiguously testified

10 that they did not open the parcels.  Plaintiffs' interpretation of the interrogatory response is also

11 erroneous, and an incorrect interpretation of discovery responses does not entitle Plaintiffs to summary

12 judgment.  If anything, the evidence overwhelmingly indicates that the parcels were *not* opened.

13      Plaintiff shipped four parcels via Express Mail from the Oakland Main Post Office on June 3,

14 2024, and that these parcels bore the following tracking numbers:  EJ363119375US, EJ363119384US,

15 EJ363119353US, and EJ363119367US.  Hodges Decl. ¶ 4.  Stephen Fajardo and Carlos Ruiz, the

16 contractors who handled these parcels on June 4, 2020 testified that they did not open these parcels.

17 Dkt. 119-3, at 122:20-24 (Fajardo deposition); Dkt. 119-4, at 22:2-4 (Ruiz deposition).  Mark Hodges,

18 who handled the parcels on June 5, 2020, also did not open the parcels and saw no indication that the

19 parcels had been opened before he encountered them.  Hodges Decl. ¶ 8-9. Mark Hodges then returned

20 the parcels to the mailstream unopened.  Hodges Decl. ¶ 10, 12.  Finally, USPIS keeps a record of all

21 parcels opened under the ANP, and USPIS has no record that any of the parcels were opened.  *See*

22 *generally* Agster Decl.

23      The data in the United States' interrogatory response is consistent with this testimony and

24 USPIS's business records because it indicates that:

25          1.   In 2020, 62 parcels were assessed as part of ANP but not opened.  Agster Decl. ¶ 7.

26              Postal Inspector Agster, who prepared the data for the interrogatory response, confirmed

27              that this figure includes the four parcels bearing tracking numbers EJ363119375US,

28              EJ363119384US, EJ363119353US, and EJ363119367US.  *Id.*

2.  In 2020, exactly *zero* ANP parcels were opened between 0 and 18 days after they were

    initially detained.  There is no dispute that the four parcels at issue were held by USPIS

    for less than two days.  Agster Decl. ¶ 8.

Plaintiffs' math comparing the parcels opened for various reasons (2,777 consent, 48.016 expiration of 21-day window, 24 judicial search warrant, and 15 something else) with the "number of parcels detained by USPIS pursuant to ANP" (50,832) fails because Plaintiffs assume (without any evidence) that the four parcels at issue fall into the 50,832 figure.  But this number only reflects those parcels that completed the ANP process and were eventually opened.  The four parcels at issue in this motion could not have been included in that number, because the data used to compile the response does not reflect that they were opened.  Agster Decl. ¶ 9.  Sixty-two parcels (including the four at issue in this motion) were returned to the mailstream without being opened.  Agster Decl. ¶ 7.  The documentary evidence and testimony cited above more than show that there is sufficient evidence for a reasonable fact finder to find for the nonmoving party.  *Anderson*, 477 U.S. at 248-49.  Because the court must view the evidence in the light most favorable to the non-moving party, *Davis*, 854 F.3d at 598, the Court should not grant summary judgment on this ground.

**B.    Sniffing and Squeezing of Parcels Shipped Via U.S. Mail is Not a Search as a Matter of Law**

Plaintiffs next contend that smelling or squeezing the parcels constituted an unlawful search.[2] Regardless of whether USPIS officials handled the parcels or smelled any odor emanating from them, Plaintiffs cannot prevail on this claim as a matter of law.  The Court has already applied the detention of goods exception to dismiss claims related to detentions and seizures of the parcels with prejudice, *see* Dkt. 62 at 8, 17, and Count 1 has been allowed to proceed "based on the alleged search."  *See* Dkt. 80 at 10.  Therefore, to prevail on Count 1, Plaintiffs must show that sniffing or squeezing a parcel shipped via U.S. mail was an unreasonable search in violation of the Fourth Amendment.  Plaintiffs cannot do so because sniffs and squeezes of postal matter are not unreasonable searches that violate the Fourth

---

[2] Plaintiffs contend that Ruiz subjected a parcel to "sniffing [] so extensive as to try and distinguish between acetone in nail polish remover" versus contraband.  Motion at 11.  But Ruiz did not testify to this:  instead, Ruiz described smells that he was able to recognize based on his experience. Dkt. 119-4 at transcript pages 64-66.

1    Amendment.  *See United States v. Hernandez*, 313 F.3d 1206, 1209-10 (9th Cir. 2002) (noting that

2    package was "searched" when it was "opened" and that a person has "no reasonable expectation that

3    postal service employees will not handle the package or that they will not view its exterior.").  Plaintiffs

4    cite no authority for their contention that squeezing or sniffing a parcel shipped via U.S. mail is a search

5    that requires a warrant.  While case law regarding the squeezing of items provided to USPS for mailing

6    is sparse, the one district court that appears to have addressed this issue held that "An expectation that

7    the flexible outer packaging of an item handed over to postal employees will not be squeezed, even

8    deliberately, when handled by them is simply not "one that society is prepared to recognize as

9    reasonable." *United States v. Taylor*, No. 14-cr-00065, 2015 WL 856840, at *5 (S.D. W. Va. Feb. 27,

10   2015) (distinguishing *United States v. Bond*, 529 U.S. 334 (2000)).  The court in *Taylor* also noted that

11   the squeezing occurred because the Express Mail item at issue "matched the profile for a package that

12   may contain illegal narcotics," meaning that the detectives in *Taylor* "had a reasonable belief that [it]

13   could contain contraband before ever touching it." *Id.* (quotation omitted).  A similar analysis should

14   guide the Court here.

15        The case against sniffing constituting a search is even stronger:  the Ninth Circuit has already

16   rejected an argument that "drug agents with inquisitive nostrils" violate the Fourth Amendment, because

17   sniffing does not constitute a search.  *United States v. Johnston*, 497 F.2d 397, 398 (9th Cir. 1974).  If a

18   trained narcotics dog sniffing a package does not constitute an unlawful search, *see United States v.

19   Quoc Viet Hoang*, 486 F.3d 1156, 1160 (9th Cir. 2007), certainly the less-intrusive noses of human

20   USPIS contractors do not run afoul of the Fourth Amendment.

21        The authority cited by Plaintiffs in support of their contention is easily distinguishable because it

22   all involves personal luggage subject to a higher level of Fourth Amendment scrutiny (unlike mail).  For

23   example, *Bond v. United States*, 529 U.S. 334 (2000) (cited Motion at 12) involved a piece of luggage

24   stored over a passenger's seat on a bus.  The privacy interest available for personal luggage is

25   undoubtedly stronger than that of a parcel placed in the U.S. mail, as the Ninth Circuit has previously

26   made clear. *United States v. England*, 971 F.2d 419, 420 (9th Cir. 1992) ("A person who deposits an

27   item in the United States mail retains far less of an interest in the mailed item than does a person who

28   checks his luggage for transport with a common carrier."); *see also Hernandez v. United States*, 353

F.2d 624 (9th Cir. 1965) (cited Motion at 12) (privacy interest in airport luggage).  Setting aside these luggage cases, Plaintiffs cite no authority for their contention that squeezing a mail parcel or smelling it constitutes a search under the Fourth Amendment.[3]  Because this conduct does not constitute an unlawful search, the FTCA's limited waiver of sovereign immunity does not extend to these claims.

### C.    The Court Cannot Grant Summary Judgment Against the United States for Acts of Independent Contractors

Even if the Court finds that squeezing or sniffing by Fajardo or Ruiz could be the basis of liability for the trespass to chattels claim, the independent contractor exception would bar any liability for these acts.  The Motion only contends that Fajardo and Ruiz may have sniffed and squeezed the parcels at issues, not Hodges (a UPSIS employee) or any other USPIS employee.  The FTCA's limited waiver of sovereign immunity does not extend to contractors with the United States.  *See* 28 U.S.C. § 2671 ("As used [in the FTCA] the term 'Federal agency' . . . does not include any contractor with the United States").  It is undisputed that both Fajardo and Ruiz were contractors, not Postal Inspectors or employees of USPIS.  *See* Dkt. 119-3 at transcript pages 18-19 (Fajardo transcript); Dkt. 119-4 at transcript pages 10-11 (Ruiz transcript).  The presumption, then, is that the FTCA does not extend the United States' tort liability to this conduct by contractors.  To overcome this, Plaintiffs' summary judgment motion must demonstrate that "sufficient supervisory control over the day-to-day activities" of the contractors or a "non-delegable duty" that could not be performed by Fajardo and Ruiz.  *See, e.g.*, *Rabieh v. United States*, No. 5:19-CV-00944-EJD, 2019 WL 5788673, at *8 (N.D. Cal. Nov. 6, 2019) (finding that independent contractor exception applied to contractors working as guards for law enforcement agency).  But the motion for summary judgment contains no such contention.  Further, "Courts are not free to abrogate the independent-contractor exemption for the negligent acts of contractors regardless of whether there is a good reason for so doing."  *Autery v. United States*, 424 F.3d 944, 957 (9th Cir. 2005) (quotation omitted).  Because the partial motion for summary judgment lacks

---

[3] Plaintiffs cite *United States v. Jones*, 565 U.S. 400 (2012), for the proposition that a physical intrusion for the purpose of obtaining information constitutes an unlawful search.  But *Jones* involved intrusion into a personal vehicle to collect detailed information about a person's whereabouts.  Plaintiffs cite no authority extending this holding to the smelling or squeezing of mail separated from the person who sent it – which is undoubtedly subject to less Fourth Amendment protection than the car and movements at issue in *Jones*.

OPPOSITON TO PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO COUNT 1
3:22-CV-03195-WHO                                    8

1  any evidence rebutting the independent contractor exception, the motion should be denied on this

2  ground.

3  **VI.      CONCLUSION**

4           For the foregoing reasons, the partial motion for summary judgment should be denied.

5

6  DATED:          October 4, 2024

7                                                Respectfully submitted,

8                                                ISMAIL J. RAMSEY
                                                 United States Attorney
9

10                                               */s/ Michael A. Keough*
                                                 MICHAEL A. KEOUGH
11                                               Assistant United States Attorney

12                                               *Attorneys for Defendant*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28