1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2   PAMELA T. JOHANN (CABN 145558)
    Chief, Civil Division
3   MICHAEL A. KEOUGH (NYRN 5199666)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6878
6       Fax: (415) 436-7234
        michael.keough@usdoj.gov
7
    *Attorneys for Defendant*
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  RENÉ QUIÑONEZ and MOVEMENT INK          )   Case No. 3:22-CV-03195-WHO
    LLC,                                     )
13                                           )   **RESPONSE TO ADMINISTRATIVE MOTION**
            Plaintiffs,                      )   **TO CONSIDER WHETHER ANOTHER**
14                                           )   **PARTY'S MATERIAL SHOULD BE SEALED**
        v.                                   )   **(DKT. 120)**
15                                           )
    UNITED STATES OF AMERICA,                )
16                                           )
            Defendant.                       )
17                                           )
                                             )
18  _____ )

19

20

21

22

23

24

25

26

27

28

Defendant the United States of America submits the following response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 120) and requests the sealing of certain deposition testimony and exhibits as set forth below.

Defendant has reviewed and complied with the Court's Standing Order on Administrative Motions to File Under Seal.

Defendant has reviewed and complied with Civil Local Rule 79-5.

Defendant seeks to keep the following material, filed provisionally under seal by Plaintiffs, under seal (the "Designated Material"):[1]

| Item to Be Sealed | Reason |
|---|---|
| Former U.S. Postal Inspection Service ("USPIS") contractor Stephen Fajardo deposition transcript, pages 20-24, 33-80, 82-115, 115-133, 141-153 | Testimony regarding law enforcement sensitive information and techniques related to USPIS' Administrative Nonmailability Protocol ("ANP"), as well as testimony regarding deposition exhibits below separately identified as confidential |
| Deposition Exhibit 4 (Fajardo) | E-mail correspondence regarding ANP investigation |
| Deposition Exhibit 5 (Fajardo) | E-mail correspondence regarding ANP investigation |
| Former USPIS contractor Carlos Ruiz deposition transcript, pages 12-100, 102-142 | Testimony regarding law enforcement sensitive information and techniques related to ANP |
| USPIS 30(b)(6) deposition transcript (Postal Inspector Jeff Agster), pages 15-185 and 193-197 | Testimony regarding law enforcement sensitive information and techniques related to ANP, as well as testimony regarding deposition exhibits below separately identified as confidential but not attached to transcript filed by Plaintiffs |
| Deposition Exhibit 48 | ANP procedures document for USPIS Contraband Interdiction & Investigations |
| Deposition Exhibit 49 | E-mail correspondence regarding ANP investigation |

---

[1] Defendant previously designated Deposition Exhibits 1 and 2 (Fajardo deposition), and 27, 35, and 43 (Ruiz deposition) as confidential and withdraws the designation as to those exhibits only, for all information except for personal identifying information ("PII"), which should be redacted prior to filing.

The Designated Material was designated as confidential by Defendant, the United States of America.

Compelling reasons[2] exist to keep the Designated Material under seal.  The Designated Material represents sensitive law enforcement information regarding the ANP, the process by which USPIS identifies and intercepts suspected narcotics parcels travelling unlawfully through U.S. mail.  The Designated Material falls into three categories:  (1) testimony regarding ANP procedures and techniques for profiling narcotics packages, (2) detailed manuals regarding ANP procedures prepared for Contraband Interdictions & Investigations at USPIS, and (3) e-mail correspondence regarding ANP investigations.  As set forth in the accompanying declaration of Postal Inspector Jeffrey Agster, this material is sensitive and reveals law enforcement techniques as well as detailed procedures for detecting suspected narcotics parcels.  The documents marked as deposition exhibits were produced to Plaintiffs marked as confidential under the protective order in this action.  Publicly revealing this material risks disrupting and defeating the ongoing efforts of USPIS to intercept drugs sent via U.S. mail.  Allowing public access to this information – including by actors who will use it to evade detection of their drugs parcels – increases risk to the public from illegal drugs shipped using U.S. mail.  Similar law enforcement techniques and documents are routinely sealed by courts.  *See, e.g.*, *In re U.S. Dep't of Just. Motion to Compel Facebook to Provide Tech. Assistance in Sealed Case*, 357 F. Supp. 3d 1041, 1044 (E.D. Cal. 2019), aff'd sub nom. *United States Dep't of Just. v. Am. C.L. Union Found.*, 812 F. App'x 722 (9th Cir. 2020) (sealing material containing "law enforcement techniques" under compelling reasons standard whose public disclosure would "compromise law enforcement efforts" in future investigations); *Forbes Media LLC v. United States*, No. 21-MC-80017-TSH, 2021 WL 3674516, at *5 (N.D. Cal. Apr. 26, 2021), report and recommendation adopted, 548 F. Supp. 3d 872 (N.D. Cal. 2021), aff'd, 61 F.4th 1072 (9th Cir. 2023) (sealing material containing "sensitive law enforcement techniques" under compelling reasons standard); *Cancino Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (sealing 30(b)(6) testimony of agency witness containing sensitive law enforcement techniques under compelling reasons standard).

---

[2] *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("compelling reasons" must be shown to seal judicial records attached to a dispositive motion).

1    The designation of material was narrowly tailored to only those portions of the transcripts at

2    issue and only those deposition exhibits that contained law enforcement sensitive information.  As

3    Plaintiffs note in their administrative motion (Dkt. 120), Defendant did not designate the transcripts at

4    issue in their entirety and previously re-reviewed the transcripts at Plaintiffs' request to determine which

5    material could be de-designated.  Defendant has again reviewed the material and identified additional

6    material that can be de-designated as set forth in footnote 1 above (subject to redaction of personal

7    identifying information ("PII"), which Defendant understands is not in dispute).

8    Finally, should the Court determine that any portion of the Designated Material be unsealed,

9    Defendant respectfully requests that any PII, such as home addresses, dates of birth, telephone numbers,

10   e-mail addresses, and the like, be redacted.

12   DATED:       October 4, 2024

13                                              Respectfully submitted,

14                                              ISMAIL J. RAMSEY
                                                United States Attorney
15
16                                              */s/ Michael A. Keough*
                                                MICHAEL A. KEOUGH
17                                              Assistant United States Attorney

18                                              *Attorneys for Defendant*